IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C.O., a minor, and PAT OMAN,          )
his parent,                           )
                                      )
          Plaintiffs,                 )   Case No. CV05-558-HU
                                      )   (Lead Case)
      vs.                             )
                                      )   Case No. 05-1715-HU
PORTLAND PUBLIC SCHOOLS,              )
Multnomah School District No. 1,      )
et al.                                )
                                      )
          Defendants.                 )
_____)   OPINION AND
                                      )      ORDER
PAT OMAN,                             )
                                      )
          Plaintiff,                  )
                                      )
      vs.                             )
                                      )
PORTLAND PUBLIC SCHOOLS, et al.       )
                                      )
          Defendants.                 )
_____)

1   - OPINION AND ORDER

Pat Oman
4015 NE Multnomah Street
Portland, Oregon 97232
        Pro se

Jeffrey D. Austin
J. Michael Porter
Sarah A. Lowinger
Miller Nash
111 S.W. Fifth Avenue Suite 3400
Portland, Oregon 97204
        Attorneys for PPS defendants

Hardy Myers
Attorney General
Kenneth C. Crowley
Senior Assistant Attorney General
Department of Justice 1162 Court Street NE
Salem, Oregon 97301
        Attorneys for state defendants

Peter Mersereau
Barrett Mersereau
Mersereau & Shannon
1 S.W. Columbia Street, Suite 1600
Portland, Oregon 97258
        Attorneys for defendant Graham Hicks

HUBEL, Magistrate Judge:

        These are two consolidated actions. The first action, CV

05-558-HU, was originally brought pursuant to the Individuals

with Disabilities Education Act (IDEA), 20 U.S.C. §§1400-1487;

section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Titles II

and IV of the Americans with Disabilities Act (ADA), 42 U.S.C. §§

12101-12213; federal civil rights statutes, 42 U.S.C. §§ 1983 and

1985, based on violation of the First and Fourteenth Amendments

to the United States Constitution and § 504, IDEA and ADA; Or.

Rev. Stat. §§ 659.850, 659A.403, and 659A.142; and a common law

2    - OPINION AND ORDER

claim for intentional infliction of emotional distress (IIED). In an Opinion and Order entered December 22, 2005 (doc. # 31), the court dismissed without prejudice the claims asserted on behalf of C.O.; dismissed with prejudice the claims based on § 504, ADA, Oregon Revised Statutes, and IIED; and gave plaintiff Pat Oman leave to replead the IDEA and constitutional claims asserted on her own behalf.

Plaintiff has filed an amended complaint in CV 05-558-HU and a separate action, CV 05-1715-HU. The two cases have been consolidated.

The Second Amended Complaint filed in CV 05-558 names as defendants Portland Public Schools (PPS); Maxine Kilcrease, now Assistant to the Superintendent of PPS and formerly Director of its Special Education Department; Constance Bull, an attorney in the Special Education Department of PPS; Theresa Middleton, a school psychologist employed by PPS; Janet Wagner, a District representative for PPS; Jack Ubik, former principal of Fernwood Middle School; and Alana Coulter, special education program administrator for PPS (collectively, the PPS defendants); the Oregon Department of Education (ODE) and State Superintendent for Public Instruction Susan Castillo (collectively, the state defendants). The Second Amended Complaint asserts claims against all defendants for violations of unspecified "state and federal

law," see Claims 1 and 2,[1] that are based on the alleged obstruction of Plaintiff's participation in a due process hearing and the prevention of her meaningful participation in the development of her disabled child's IEP. Claims 3, 4, 5, 6, 7 and 8 are asserted under 42 U.S.C. § 1983, based on the defendants' alleged refusal to adopt policies, practices or procedures to ensure plaintiff's participation in the development of her child's IEP and in a fair administrative due process hearing; denial of the right to a due fair due process hearing, by failing to adopt policies, procedures and practices ensuring that PPS and ODE comply with laws for the development of IEPs and the conduct of administrative due process hearings; violation of plaintiff's equal protection and substantive due process rights by preventing her meaningful participation in the development of her child's IEP, unreasonably delaying reimbursement for an Independent Educational Evaluation, and by obstructing an administrative due process hearing; and, against the state defendants, to have all allegations made in a state complaint fully and fairly

---

[1] In my previous Opinion and Order, I held that state law claims asserted under Or. Rev. Stat. §§ 659.850, 659A.142, and 659A.403 were dismissed for failure to state a claim; that they were also dismissed as to defendants ODE and Castillo on Eleventh Amendment grounds; and that they were dismissed as to the individual defendants because such claims were barred by the Oregon Tort Claims Act. No state statute is specified in the Amended Complaint.

investigated. Claim 9 is based on violation of IDEA.[2]

The complaint in CV 05-1715 names PPS; the PPS School Board; PPS Superintendent Vicki Phillips; PPS attorney Constance Bull; PPS Director of Special Education Mary Mertz; the ODE; the Office of Administrative Hearings (OAH) of the ODE; Susan Castillo; ODE employees Suzy Harris and Nancy Latini; OAH hearing officers Deanna Hassanpour and Thomas Ewing; and Graham Hicks, an attorney in private practice. The complaint refers to the Board of Directors of PPS and PPS as "local defendants," to defendants Phillips, Bull, Mertz, Hicks, Castillo and Harris as "individual defendants," and to the ODE, OAH, and defendants Ewing, Hassanpour, Castillo, Latini, and Harris as "state defendants."

Claims 1 and 2 are for violation of unspecified "state and federal law," based on allegations that defendants have denied plaintiff the right to participate meaningfully in the development of her child's IEP and the right to a fair due

---

[2] Claim 1 is asserted against "PPS and individual defendants," although the Second Amended Complaint does not identify which defendants are considered individual defendants. All the defendants are either PPS employees or state employees. Since Claim 2 is asserted against the state defendants, I construe Claim 1 to be against the PPS defendants. Claim 3 is again asserted against "individual defendants," without identifying which defendants are considered individual defendants, but again, since Claim 4 is asserted against the state defendants, I construe Claim 3 as asserted against the PPS defendants. Claim 5 is asserted against individual defendants; Claim 6 is against state defendants; Claim 7 is against individual defendants; Claim 8 is against state defendants. Accordingly, I construe Claims 5 and 7 to be against the PPS defendants.

process hearing, and have refused to adopt policies, procedures and practices, train employees, or take other measures necessary to ensure that PPS, ODE and OAH comply with state and federal laws for the conduct of administrative due process hearings. Claim 1 is asserted against the local defendants and the individual defendants in their official capacity. Claim 2 is asserted against the state defendants. Claims 3, 4, 5, 6, 7, 8, 19, and 20 are for violation of § 1983, based on deprivation of Plaintiff's First Amendment, substantive due process, and equal protection rights. Claim 3 is asserted against the individual defendants in their individual capacity; claim 4 is asserted against the state defendants; claim 5 is asserted against the individual defendants in their individual capacity; claim 6 is asserted against the state defendants; claim 7 is asserted against the individual defendants in their individual capacity; claim 8 is asserted against the state defendants; claim 19 is asserted against the individual defendants in their individual capacity; and claim 20 is asserted against the state defendants. Claims 9 and 10 are for violation of § 504 of the Rehabilitation Act. Claim 9 is asserted against the local defendants and the individual defendants in their official capacity and claim 10 is asserted against the state defendants. Claims 11, 12, 13, 14, 15, and 16 are for violation of the ADA. Claim 11 is asserted against the local defendants and the individual defendants in their

official capacity; claim 12 is asserted against the state defendants; claim 13 is asserted against the local defendants and the individual defendants in their official capacity; claim 14 is asserted against the state defendants; claim 15 is asserted against the local and individual defendants in their official capacity and claim 16 is asserted against the state defendants. Claims 17 and 18 are for retaliation in violation of IDEA. Claim 17 is asserted against the local defendants and the individual defendants in their official capacity and claim 18 is asserted against the state defendants.

A number of the claims in these cases have been the subject of earlier dispositive rulings by the court, including the claim for punitive damages, which were ordered stricken, the ADA and Rehabilitation Act claims asserted in the Second Amended Complaint in CV 05-558-HU, which were previously dismissed with prejudice, and state law claims asserted in both cases, which were also dismissed with prejudice.

All defendants move for judgment on the pleadings.

### Standards

Judgment on the pleadings is proper when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co., 50 F.3d 1486, 1488 (9th Cir. 1995). The court must take as true all material allegations of the non-

moving party as contained in the pleadings, and construe the pleadings in the light most favorable to that party. Doyle v. Raley's, Inc., 158 F.3d 1012, 1014 (9th Cir. 1998).

## Discussion

### A.    Motion by defendant Graham Hicks

Graham Hicks is named as a defendant in the Complaint filed in CV 05-1715-HU. He is identified in the complaint as "a partner in Miller Nash LLP," who is "employed by PPS as an attorney and is sued herein in his individual and official capacity." Complaint ¶ 14.

The allegations against Graham Hicks are that he knew, or should have known, that

> as of July 13, 2005, when he moved for a
> determination of notice adequacy pursuant to PL 108-
> 446 section 615(b)(7)(a), that neither ODE nor the
> OAH (or indeed, the U.S. Department of Education) had
> any authority under the law to require an "adequate
> notice," pursuant to that title, since the provisions
> of section 607(c) of PL 108-446, requiring compliance
> with 5 U.S.C. § 553, had not been met.

Complaint ¶ 56. The complaint also alleges that

> Mr. Hicks knew, or should have known, that the
> administrative due process hearing is a state
> procedure that is governed by state law; and Mr.
> Hicks knew or should have known, that current state
> law contains no provisions like the one cited by
> Judge Hassanpour in her decision. Mr. Hicks was
> acting on behalf of the local defendants [i.e., PPS]
> and defendants Phillips, Mertz, and Bull, and these
> actions were taken in retaliation for plaintiff's
> oft-expressed concerns about PPS' failure to comply
> with federal laws regarding the education of disabled
> children.

8   – OPINION AND ORDER

Id. at ¶ 57. Based on these allegations, plaintiff seeks to assert claims for relief against Hicks under the ADA, the Rehabilitation Act, the IDEA and § 1983.

Hicks moves against all the claims, on the grounds that 1) Oman has not pleaded the elements of each of these claims against him; and 2) even if she had, he is not a proper party defendant on the ADA, Rehabilitation Act, and IDEA claims, because claims against government officials (if Hicks, an attorney in private practice who represents PPS could be considered a government official) are not permitted under the ADA and § 504.

As I noted in my earlier Opinion and Order, plaintiff has not alleged that she is disabled; she therefore cannot maintain an action under the ADA and the Rehabilitation Act. In any event, there is no individual liability under the ADA and § 504. Becker v. Oregon, 170 F. Supp. 2d 1061, 1066-67 (D. Or. 2001). Plaintiff conceded this point in the first round of motions. Defendant Hicks is entitled to judgment on the pleadings on plaintiff's ADA and Rehabilitation Act claims.

The § 1983 claim cannot stand because there is no allegation that Hicks is a state official or a private individual acting under color of state law.[3] Individuals and private entities

---

[3] There are conclusory allegations in the two complaints that the Individual Defendants, and each of them, were acting under color of state law, see ¶ 46, in CV 05-558 and ¶ 134 in CV 05-1715, but there are no facts from which it can be inferred that Hicks, who is not a governmental official, was acting under color of state

9   - OPINION AND ORDER

are not generally liable for violations of constitutional rights, unless the plaintiff can show that the actions complained of are "fairly attributable" to the government. Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997). A person acts under color of state law if he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. West v. Atkins, 487 U.S. 42, 49 (1988); McDade v. West, 223 F.3d 1135, 1139-40 (9th Cir. 2000). Plaintiff has not alleged that Hicks is a public employee acting in his official capacity or exercising responsibilities pursuant to state law. The complaint alleges only that Hicks is an attorney in private practice who represents PPS. There is no allegation that Hicks's conduct is "fairly attributable" to the government, and it does not follow that merely because an attorney represents a public entity, the actions of that public entity are fairly attributable to him. See Polk County v. Dodson, 454 U.S. 312 (1981)(public defender did not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

Plaintiff's IDEA claim against Hicks is for retaliation based on "personal animosity" against her as an activist for the

---

law. However, Hicks has not moved against the complaint on this ground.

rights of children with disabilities and a critic of PPS policies and procedures. Complaint ¶¶ 120-122. I find no indication that IDEA provides for a cause of action based on retaliation by one private individual against another. Civil actions under the IDEA are limited to those brought by parties aggrieved by findings and decisions made in a due process hearing conducted under subsection (f) or in an appeal to the state educational agency under subsection (g), and to placement decisions made by school personnel pursuant to subsection (k). See 20 U.S.C. § 1415(i)(2). There is no allegation that defendant Hicks made findings or decisions in such proceedings, much less that he did so with a retaliatory motive. And as stated, the actions of PPS or ODE cannot be attributed to Hicks merely because he acts as an attorney for PPS. Defendant Hicks's motion for judgment on the pleadings is granted.

## B.   Motions by state and PPS Defendants

The State defendants (ODE, Castillo, Harris, Latini, Ewing, and Hassanpour) move for judgment on the pleadings on the grounds that

1. Claims 1, 2, part of 3, 4, 5, 6, 7 and 8 arise from the 2002 IEP prepared for plaintiff's son, and are therefore barred by the two-year statute of limitations, because the IEP was developed in April 2002, and this action was filed in April 2005.

2.     The underlying cause of action for all the claims is violation of IDEA, but plaintiff failed to exhaust her administrative remedies before resorting to a civil action.

3.     ODE hearings officers Hassanpour and Ewing are entitled to judicial immunity; further, the claims against Ewing are based on respondeat superior liability, which is not available in § 1983 claims.

4.     § 1983 is not available as a means of supplementing claims for violation of IDEA.

5.     No compensatory or punitive damages are available under IDEA.

6.     The individual state defendants, sued in their official capacity, are not considered "persons" under § 1983 for purposes of monetary relief.

The PPS defendants have adopted the arguments made by the state defendants with respect to the statute of limitations and the claims for punitive and compensatory damages.

### 1.     Time-barred claims

In the previous Opinion and Order, defendants' motion to dismiss plaintiff's claims as time-barred was denied, with the proviso that "unless Pat Oman repleads to allege facts sufficient to warrant equitable tolling, Pat Oman's claims will be limited to those arising from events occurring within two years of the

12   - OPINION AND ORDER

filing of this action." Opinion and Order, p. 42. The defendants renew their motion to dismiss.

The claims asserted against the state defendants in the Second Amended Complaint in CV 05-558 are not time-barred. Paragraph 25 alleges that plaintiff filed a complaint with ODE on February 13, 2003, and that ODE issued a final order on August 18, 2003, less than two years before plaintiff filed this action. Plaintiff alleges that the ODE did not conduct a fair and impartial inquiry, and did not investigate all the allegations of the complaint. Id. Plaintiff alleges that she wrote a letter to defendant Castillo on March 15, 2005, complaining about PPS's policy of requiring confidentiality and "hold harmless" agreements before agreeing to reimburse IEEs. Id. Paragraphs 26-28 allege that ODE has failed to ensure that administrative due process hearings are fair and impartial, or that the rules for the hearings follow the Oregon Rules of Civil Procedure and the Oregon Administrative Procedures Act, and that ODE and Castillo have failed to ensure that the rights of disabled children and their parents are protected, by allowing defective notices to be issued and by failing to exercise oversight of PPS's policies, practices and procedures. Id.

In her general IDEA allegations, plaintiff states that she requested a due process hearing on March 16, 2004, to "adjudicate many of the allegations contained in this complaint." Second

Amended Complaint in 05-558-HU ¶ 21. The due process hearing began on November 29, 2004. Id. A final order was issued in ODE Case No. DP 04-110, on March 31, 2005. Because of the requirement that administrative remedies be exhausted, the limitations period for IDEA-related claims begins to accrue once the administrative process is complete. Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Hawaii 2001). I conclude that to the extent they were adjudicated at the due process hearing, the claims based on conduct that occurred at the time of the April 2002 IEP are timely, because they were not administratively exhausted until March 2005.

In the Complaint filed in CV05-1715, Ms. Oman has alleged a number of incidents not alleged in the CV05-558 complaint, that occurred more recently and are within the statute of limitations. These include allegations that:

> 1) the March 31, 2005 final order required PPS to provide C.O. with 4,000 minutes of compensatory education in "summer 2005 or during another time period if the district and the parents agree"). Id. However, PPS did not comply with this order. According to the complaint in 05-1715, by letter to Mary Mertz dated November 4, 2005, and copied to plaintiff, state defendant Suzy Harris informed plaintiff that the compensatory hours would no longer

be available to C.O. because plaintiff "had not acquiesced to Ms. Bull's demand that they begin as of October 15, 2005," even though the order after the due process hearing had stated that if the compensatory hours were provided at some time other than the summer of 2005, it was to be by agreement between the parties.

2) On April 28, 2005, at an IEP meeting for her son, plaintiff was told by Constance Bull that she must provide her comments and concerns about the IEP to the other members of the IEP in writing. Plaintiff asked if this was the conventional requirement for parent participation in IEP meetings, and Bull replied, "It is for you." Complaint ¶ 22. Plaintiff alleges that in a later IEP meeting, she tried to ask IEP team members questions about her son's disability, and was "cut off by Ms. Bull who stated that the IEP team was not going to debate these issues with plaintiff." Id.

3) Ms. Oman has alleged that by letters dated May 26, 2005, and June 12, 2005, she provided written comments and observations, and asked for further information from the IEP team, which included Ms. Bull. On September 15, 2005, Ms. Oman asked that the

IEP members respond to her comments in writing, and also asked that the compensatory hours ordered for C.O. be offered later in the fall or in the winter. Complaint, ¶¶ 23, 24. By letter dated September 16, 2005, Ms. Bull told state defendant Harris and Ms. Oman that if the compensatory hours were not started by October 15, 2005, the school district would not pay for them. Id. at ¶ 25. On October 18, 2005, plaintiff distributed more questions to every individual on the IEP team and asked that answers be provided by November 1, 2005. The IEP team did not comply with this request. Id. at ¶ 26. Plaintiff alleges that Ms. Bull has met separately with other members of the IEP team and "instructed them not to respond to plaintiff's questions and comments." Id. Plaintiff alleges on information and belief that defendants Phillips, Bull, Mertz, the Board of Directors of PPS and PPS have not required any other parent or guardian involved in their child's IEP to provide comments in writing. Id. at ¶ 26.

4) Ms. Oman has alleged that in June 2004, she complained to OAH about the lack of information on the rules governing contested case hearings, and asked for necessary forms and information. Complaint

¶ 27. She alleges that by email on June 3, 2005, hearings officer Hassanpour stated that the OAH does not follow the Oregon Rules of Civil Procedure, and directed Ms. Oman to a website. However, the website did not contain the needed forms. By email dated June 6, 2005, Oman again complained about the lack of information for unrepresented parents who were appearing in contested case hearings conducted by the OAH. <u>Id.</u> at ¶ 27.

5) On June 28, 2005, plaintiff sent the ODE a complaint and request for another due process hearing. The complaint was received by ODE on or about July 5, 2005, and given the case number DP 05-116. <u>Id.</u> at ¶ 30. Plaintiff was provided with a packet of information, including a copy of selected Oregon Administrative Rules applying to contested case hearings, but the material was contradictory. Complaint ¶ 30. On July 13, 2005, PPS, represented by defendant Hicks, moved for a determination of the sufficiency of plaintiff's due process notice. <u>Id.</u> at ¶ 31. By letter dated July 20, 2005, Hassanpour dismissed plaintiff's complaint, on the ground that it did not satisfy certain procedural requirements. <u>Id.</u> at ¶ 31.

6) In July 2005, plaintiff requested that ODE send the administrative record for DP 04-110 to this court, for review pursuant to the appeal of the administrative proceeding in case CV 05-558. Id. at ¶ 33. On July 20, 2005, plaintiff e-mailed defendant Harris, requesting new procedures under the 2004 amendments to the IDEA. On July 21, 2005, Andrew Logerwell, ODE's attorney in this case, advised plaintiff that she would have to produce records in order to obtain that information. Id. at ¶ 34. By letter dated October 28, 2005, defendant Harris informed plaintiff that ODE had determined that plaintiff's complaint in this court, CV 05-558, did not qualify as an appeal of the due process hearing in DP 04-110, because plaintiff had requested a jury trial in the action filed in this court, which "is not provided for under the IDEA," and because plaintiff had requested damages which, according to Harris, "are not available under the IDEA." Id. at ¶ 36. Harris stated that the ODE "does not find any basis for concluding that your complaint is an appeal of your due process hearing decision." Id. It can be inferred from the allegation that, for this reason, ODE refused to provide the administrative record for

18  - OPINION AND ORDER

DP 04-110 to the court. Plaintiff alleges that the decision dismissing her request for a due process hearing was based on the provisions of PL 108-446, but that the state legislation amending state law to conform to PL 108-446 had not been signed by the governor at that time and was not in effect. Moreover, plaintiff alleges, the state bill contains no provisions amending the Oregon Administrative Procedures Act.

6) Plaintiff alleges that the actions taken by Harris were in retaliation for her complaints about PPS, ODE, and Bull, who is a defendant in CV 05-558.

7) Plaintiff alleges that the ODE defendants have failed to provide parents, including herself, with forms and information that would enable them file a complaint and due process complaint notice in compliance with new administrative due process hearing provisions of the 2004 amendments to the IDEA, in violation of the IDEA's requirement that parents be provided with information about how to file a complaint and obtain a due process hearing. Complaint ¶¶ 45-51.

None of these allegations deals with conduct that occurred more than two years before the filing of this action.

Accordingly, defendants' motion for judgment on the pleadings based on the statute of limitations is denied.

### 2.    Failure to exhaust administrative remedies

The state defendants assert that the underlying cause of action for all plaintiff's claims is violation of the IDEA, but that plaintiff has failed to exhaust her administrative remedies before resorting to a civil action.

The state defendants argue that the IDEA is intended to allow a state or school district receiving IDEA funding to have an opportunity to correct its own errors before being subjected to judicial proceedings, citing Mckart v. United States, 395 U.S. 185, 195 (1996). They argue that for a district court to have jurisdiction over an IDEA claim, all administrative remedies must be exhausted, see Kerr Center Parents Ass'n v. Charles, 897 F.2d 1463, 1469 (9th Cir. 1990), and that even additional claims under other statutes must still be exhausted before plaintiff can bring a civil action, if the claims are even slightly redressable under IDEA, citing Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1053 n. 4, 1054 (9th Cir. 2002)(injuries that are "part and parcel of the educational process," and can be remedied to some degree by the IDEA's administrative procedures and remedies must be exhausted administratively before filing suit); see also 20 U.S.C. § 1415(*l*).

The state defendants argue that with respect to CV 05-558,

plaintiff has failed to exhaust her administrative remedies because neither ODE, nor Castillo, was a party to the DP 04-110 administrative hearing. I do not find this argument persuasive, for several reasons. First, the state defendants have not brought to the court's attention any reason why they should have been made parties to the DP 04-110 administrative hearing. Second, plaintiff's allegations against the state defendants in this case are not encompassed within the administrative provisions of the IDEA. And third, the conduct complained of cannot be remedied through the IDEA's administrative procedures and remedies.

In statutes such as the IDEA, where Congress has provided for the exhaustion of administrative procedures, Congress' intent is of "paramount importance," because Congress is vested with the power to prescribe the basic procedural scheme under which claims may be heard in federal courts. Patsy v. Bd. of Regents, 457 U.S. 496, 501 (1982), quoted in Porter v. Board of Trustees of Manhattan Beach Unified Sch. Dist., 307 F.3d 1064, 1070 (9th Cir. 2002). I must inquire, therefore, whether exhaustion in this particular case is consistent with IDEA's procedural scheme. Porter, 307 F.3d at 1070. Courts may not impose exhaustion requirements not contemplated by Congress in the scheme of the IDEA. Id.

Plaintiff's allegations against the state defendants pertain to alleged failures on the part of ODE and Castillo to

conduct a full investigation of the complaints raised by plaintiff in 2003, as evidenced by a final order issued in August 2003; to ensure that due process hearing procedures conform to the Oregon Rules of Civil Procedure and the Oregon Rules of Administrative Procedure; to prevent inaccuracies and misstatements in notices to parents; and to exercise effective oversight of PPS's policies, practices and procedures. Such conduct is not within the ambit of the administrative complaint and hearing process of the IDEA.

Under the provisions of the IDEA, administrative due process hearings are held whenever a complaint has been received under 20 U.S.C. § 1415 (b)(6) or (k). See 20 U.S.C. § 1415(f)(1)(A). Subsection (b)(6) deals with complaints respecting "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate education to such child," that is brought within the timeline specified in (b)(6)(B). Subsection (k) deals with educational placements of the child. Neither subsection (b)(6) nor subsection (k) contemplates complaints about the kind of conduct alleged by plaintiff against the state defendants, none of which relate to the identification, evaluation, or educational placement of plaintiff's child.

Further, the state defendants have not directed the court to any authority suggesting that the conduct plaintiff complains

of by ODE and the Superintendent of Public Instruction can be redressed through administrative procedures conducted by employees of the ODE, or any other agency. Nor have the state defendants supplied any authority suggesting that a state hearings officer appointed by the ODE has the authority to order Castillo and the ODE to change that conduct. See 20 U.S.C. § 1415(*l*)(when asserting claims under the Constitution, the ADA, the Rehabilitation Act, or other federal laws protecting the rights of children with disabilities, plaintiff is obliged to exhaust administrative remedies under the IDEA if the complainant is *seeking relief that is available under* the IDEA)(emphasis added); see also <u>Robb</u>, 308 F.3d at 1049("available" relief is relief suitable to remedy the wrong done the plaintiff).

With respect to all the defendants named in CV 05-1715, plaintiff has alleged that defendant Bull hindered and delayed the DP 04-110 due process hearing and, after the hearing, continued to obstruct plaintiff's access to information. Plaintiff has alleged that defendants Harris and Mertz, along with Bull, refused to implement the compensatory hours of education ordered by the hearings officer in DP 04-110.

Plaintiff argues that attempts to resolve these issues through administrative complaints were thwarted by the state defendants, alleging that ODE has provided her contradictory and mistaken information about procedures, then dismissed her

complaints for failure to comply with procedural requirements. She alleges further that ODE has consistently hindered the efforts of herself and other parents to obtain the forms and information necessary for filing complaints and due process notices. The court finds it unnecessary to reach this argument because the state defendants have not identified any administrative remedy plaintiff had available to her to deal with her claims against the state defendants.

Defendants' motion for judgment on the pleadings, based on failure to exhaust administrative remedies, is denied.

### 3. Immunity of hearings officers Ewing and Hassanpour.

The state defendants move to dismiss the claims against defendants Ewing and Hassanpour on the ground of quasi-judicial immunity. As hearings officers, defendants Hassanpour and Ewing are immune from suit.

Judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. Stump v. Sparkman, 435 U.S. 349, 360 (1978); Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999). It is well settled that judges are generally immune from civil liability under § 1983. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). A judge is not deprived of immunity because he or she takes actions which are in error, are done maliciously, or are in

excess of his authority. <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999), citing <u>Stump</u>, 435 U.S. at 355-56.

The motion for judgment on the pleadings with respect to defendants Ewing and Hassanpour is granted.

### 4.    State not a proper defendant in action for money damages under 42 U.S.C. § 1983

The state defendants move for judgment on the pleadings with respect to plaintiff's claim for compensatory damages based on 42 U.S.C. § 1983, on the ground that neither a state nor a state official acting in his or her official capacity is a "person" for purposes of § 1983 liability in an action for monetary relief. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989) and <u>Lapides v. Board of Regents</u>, 535 U.S. 613 (2002). Defendants are correct. The claim for compensatory damages asserted under § 1983 against the state defendants is dismissed. The claim for punitive damages, which was stricken from the original complaint, but nonetheless appears in the amended complaint in CV 05-558-HU and in the complaint for CV 05-1715-HU, is also stricken, for the reasons stated in the court's previous Opinion and Order.

### 5.    Compensatory damages under the IDEA and § 1983

The defendants contend that plaintiff's claims should be dismissed to the extent she seeks monetary damages under the IDEA and 42 U.S.C. § 1983.

Money damages are not available under the IDEA. Robb, 308 F.3d at 1049. See also Blanchard v. Morton Sch. Dist., 420 F.3d 918, 921 (9th Cir. 2005)(money damages for retrospective and non-educational injuries not available under the IDEA). Plaintiff's claim for compensatory damages under the IDEA is dismissed.

The state defendants argue that under School District of Hawaii v. Katherine D., 727 F.2d 809, 820 (9th Cir. 1983), a claim under § 1983 cannot be used in conjunction with IDEA in order to claim damages. In Katherine D., the court held that the IDEA was so comprehensive that it evinced Congress's intent to foreclose § 1983 remedies. Id. See also Alex G. v. Board of Trustees of Davis Joint Unified Sch. Dist., 332 F. Supp. 1315 (E.D. Calif. 2004). In Alex G., the court addressed the question of whether the IDEA creates private rights that may be enforced through § 1983, an inquiry which the court characterized as a complicated one.

In 1984, the Supreme Court in Smith v. Robinson, 468 U.S. 992, 1009 (1984) decided that the predecessor to the IDEA (the Education for All Handicapped Children Act, or EHA) was the exclusive mechanism for pursuing claims for the right to a free appropriate public education. The Court found the IDEA's remedies sufficiently comprehensive so as to displace any independent remedies otherwise available under the 14th Amendment or the Rehabilitation Act. Id. at 1012-13. In response, Congress amended

the IDEA to state that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the constitution, ... title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities." 20 U.S.C. § 1415 (*l*). This language appeared to reject the court's holding in <u>Smith</u>. As the court in <u>Alex G.</u> observed, the language made it made clear that disabled children could assert any independent rights they might have under the Constitution or other statutes "protecting the rights of children with disabilities" such as the Rehabilitation Act or the ADA. 332 F. Supp.2d at 1317.

However, the <u>Alex G.</u> court noted that § 1983 is not among the statutes specifically named by Congress in § 1415*(l)*, and it is not a statute "protecting the rights of children with disabilities." <u>Id.</u> Thus, nothing in the plain language of § 1415*(l)* overruled the Court's decision in <u>Smith</u> that Congress intended IDEA to provide the sole remedies for violations of IDEA. <u>Id.</u>

The <u>Alex G.</u> court noted other decisions, including some district court decisions in the Ninth Circuit, holding that the amendment represented specific Congressional authorization of § 1983 actions to enforce the IDEA. One such decision is <u>Emma C. v. Eastin</u>, 985 F. Supp. 940, 945 (N.D. Cal. 1997), where the court ///

held that "Congress has specifically authorized § 1983 actions predicated on the IDEA."

The Alex G. court concluded that cases such as Emma C. misconstrued the legislative history of the amendment, and concluded that IDEA was an exclusive remedy. The court noted that the Supreme Court "has continued to cite Smith's discussion of the IDEA's enforcement provisions as an example of a statute with a sufficiently comprehensive enforcement scheme to preclude its enforcement through § 1983," [citing cases] and citing the Katherine D. case. The Alex G. court noted that the Ninth Circuit has never overruled Katherine D., although in Robb, 308 F.3d at 1049-50, the court considered whether a plaintiff bringing a § 1983 claim for violation of rights secured by the IDEA must exhaust IDEA's administrative remedies. The Alex G. court thought that consideration of this question assumed that the IDEA could be enforced through § 1983, particularly since the Robb court neither cited Katherine D., nor considered whether the IDEA's enforcement scheme was incompatible with enforcement through § 1983.

The Alex G. court concluded that Smith and Katherine D. were still binding authority for the proposition that the IDEA's enforcement scheme was so comprehensive as to preclude its enforcement through § 1983, holding that "Congress has said nothing to the contrary." 332 F. Supp.2d at 1319.

I have considered the court's decision in <u>Alex G.</u> and two district court cases in the Ninth Circuit which go the other way, In <u>Emma C.</u>, the court denied a motion to dismiss claims under IDEA and § 1983 filed by disabled students, and held that compensatory damages were available for violations of IDEA. The court reasoned that absent a clear direction to the contrary from Congress, federal courts are empowered to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute.

In <u>Goleta Union Elementary Sch. Dist. v. Ordway</u>, 166 F. Supp.2d 1287 (C.D. Calif. 2001), the court held that a § 1983 action could be maintained based upon a violation of IDEA. The court noted that it was "well settled that § 1983 is a generally and presumptively available remedy for claimed violations of federal law," citing <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 133 (1994), and found that Congress expressly authorized § 1983 suits to vindicate violations of IDEA-protected rights when it added subsection (*l*) to § 1415, because it "clearly states that the provisions of IDEA do not provide the exclusive avenue for redress available to disabled children." The court noted the absence of a specific reference to § 1983 in the text of § 1415(*l*), a silence which had "perplexed courts and generated, to some degree, a split of opinion among the Courts of Appeals." 166 F. Supp.2d at 1292. Nevertheless, the court found that the

29  - OPINION AND ORDER

legislative history made it clear that Congress intended to
provide for § 1983 actions for violations of IDEA, because when
considering the enactment of the IDEA, Congress debated both the
purpose of the statute and the Supreme Court's Smith decision.
The Ordway court quoted from the House Report:

> [S]ince 1978, it has been Congress' intent to permit
> parents or guardians to pursue the rights of
> handicapped children through EHA, Section 504 [of the
> Rehabilitation Act] and Section 1983 ...
> Congressional intent was ignored by the U.S. Supreme
> Court when, on July 5, 1984, it handed down its
> decision in Smith v. Robinson.

H.R. Conf. Rep. 99-296 at *3 (1st Sess. 1985). The House Report
also stated that "[i]t is the conferees' intent that actions
brought under 42 U.S.C. § 1983 are governed by this provision."
H.R. Conf. Rep. 99-687 at *7 (1986), reprinted in 1986
U.S.C.C.A.N. 1807, 1809.

        In reaching its decision, the Ordway court noted that the
Ninth Circuit had not yet addressed whether the addition of the
amendment overruled the Smith decision of the Supreme Court, and
that the other circuits had split, with the Second and Third
Circuits holding that the amendment expressed Congress' intent to
permit plaintiffs to bring actions under § 1983 for violations of
IDEA, and the Tenth, Fourth, Sixth, Seventh and Eighth Circuits
holding that it did not.

        I find the reasoning of Alex G. persuasive, and conclude
that the clear language of § 1415(l), which makes no reference to

§ 1983, does not authorize me to depart from the binding authority of <u>Katherine D.</u> Legislative intent does not allow the court to ignore the plain meaning of the words Congress enacts. Accordingly, I conclude that plaintiff cannot assert a claim for monetary relief under 42 U.S.C. § 1983 for alleged violations of the procedural protections afforded to parents by the IDEA.

### 6.   State law claims

The state defendants move to dismiss claims 1 and 2 of the complaints in both cases, asserting claims under unidentified state and federal laws. As noted, in my previous Opinion and Order, I held that plaintiff could not assert claims for relief based on state law against the state defendants in this court. To the extent that plaintiff has specified the laws under which her federal claims arise, these claims are addressed in other parts of this Opinion and Order. Claims 1 and 2 are therefore dismissed.

### C.   Plaintiff's Motion to Compel and Defendants' Request for Protective Order

Plaintiff has filed a motion to compel initial disclosures under Rule 26(A)(1) of the Federal Rules of Civil Procedure. Defendants have filed objections to providing Rule 26(A)(1) disclosures, and seek a protective order.

Defendants object to Rule 26(A)(1) disclosures on the grounds that the PPS defendants and plaintiff engaged in

extensive document exchange as a result of the due process hearings plaintiff requested; identification and assembly of all documents relevant to the claims and defenses in this case would be too time consuming and burdensome; and defendants prefer to produce documents in response to specific requests from plaintiff.

Plaintiff asserts that without initial disclosures, the parties are unable to engage in settlement negotiations. Plaintiff disputes the defendants' assertion that sufficient discovery has already taken place, contending that she has had no discovery over allegations that involve most of the defendants named in CV 05-171. Plaintiff also asserts that document exchange between herself and the PPS defendants pursuant to the due process hearings was delayed for so long that she was forced to file two requests to compel discovery, and even then was incomplete, so that she went to the hearing without discovery she had requested.

As plaintiff has alleged in her complaint, the state defendants have refused to forward the administrative record for DP 04-110 to the court, even though the administrative record contains all of the previously exchanged documents, which would then be available to her and the court as part of the record for this proceeding.

///

Because plaintiff is proceeding without the assistance of counsel, I conclude that it would be unduly burdensome to require her to make specific document requests of the defendants. Furthermore, I am unpersuaded that initial disclosures under Rule 26 would be unduly burdensome for these defendants. Plaintiff's motion to compel is  granted and defendants' motions for a protective order is denied.

**Conclusion**

Defendant Graham Hicks's motion for judgment on the pleadings (doc. #57) is GRANTED. The other defendants' motions for judgment on the pleadings (doc. ## 60, 63) are DENIED in part and GRANTED in part. The claims asserted on the basis of the ADA and § 504 of the Rehabilitation Act are dismissed with prejudice, as previously ordered. The claims asserted on the basis of state law are dismissed with prejudice, as previously ordered. The claims asserted under 42 U.S.C. § 1983 are dismissed with prejudice, as precluded by the IDEA. The defendants' motions to dismiss the claims based on violation of the IDEA, on the grounds of untimeliness and failure to exhaust administrative remedies, are denied. However, plaintiff's recovery under the IDEA is limited to injunctive and declaratory relief and, if warranted, attorney's fees and costs. The claims against defendants Hicks, Ewing, Hassanpour and the OHA are dismissed with prejudice.

To summarize: in case number CV 05-558, the unspecified

state law claims asserted as Claims 1 and 2 are dismissed pursuant to the court's earlier Opinion. The federal law claims based on the Rehabilitation Act and the ADA are dismissed pursuant to the court's earlier Opinion. To the extent these claims encompass a claim under IDEA, that claim remains in the case. Claim 3, which is for violation of 42 U.S.C. § 1983, is dismissed as precluded by the IDEA. Claims 4, 5, 6, 7 and 8, which are for violation of 42 U.S.C. § 1983, are dismissed as precluded by the IDEA. Claim 9, which is for retaliation in violation of the IDEA, remains in the case.

In case number CV 05-1715, Claims 1 and 2 were not moved against by defendants on a substantive basis. Defendants' motions based on untimeliness and failure to exhaust administrative remedies cannot be resolved on this record, because the laws under which these claims arise are unspecified. Plaintiff is given one last chance to replead these claims, if she can, in a manner consistent with the remainder of this Opinion—-that is, with the understanding that all state law claims previously asserted have been dismissed with prejudice, as have any claims based on the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983. Claims 3, 4, 5, 6, 7, 8, 19 and 20, which are for violation of 42 U.S.C., are dismissed as precluded by the IDEA. Claims 9, 10, 15 and 16, which are based on violation of § 504 of the Rehabilitation Act, are dismissed for the reasons stated in the

34  - OPINION AND ORDER

court's previous Opinion. Claims 11, 12, 13, and 14, which are for violation of the ADA, are dismissed for the reasons stated in the court's previous Opinion. Claims 17 and 18, which are for retaliation in violation of IDEA, remain in the case because defendants have not moved against them on substantive grounds.

Plaintiff's motion to compel (doc. # 65) is GRANTED. Defendants' motions for protective order (doc. ## 70, 71) are DENIED.

IT IS SO ORDERED.

Dated this 7th day of November, 2006.


/s/ Dennis James Hubel
    Dennis James Hubel
United States Magistrate Judge