```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON


PAT OMAN,                          )
                                   )
          Plaintiff,               )  Case No. CV05-558-HU
                                   )   (Lead Case)
     vs.                           )
                                   )  Case No. CV05-1715-HU
PORTLAND PUBLIC SCHOOLS,           )
Multnomah School District No. 1,   )
et al.                             )
                                   )
          Defendants.              )
_____)      OPINION AND
                                   )        ORDER
PAT OMAN,                          )
                                   )
          Plaintiff,               )
     vs.                           )
                                   )
PORTLAND PUBLIC SCHOOLS, et al.    )
                                   )
          Defendants.              )
_____)
```

Pat Oman
4015 NE Multnomah Street
Portland, Oregon 97232
    Pro se

Jeffrey D. Austin
J. Michael Porter
Sarah A. Lowinger
Miller Nash
111 S.W. Fifth Avenue Suite 3400
Portland, Oregon 97204

OPINION AND ORDER Page 1

Attorneys for PPS defendants

John Kroger
Attorney General
Kenneth C. Crowley
Senior Assistant Attorney General
Department of Justice 1162 Court Street NE
Salem, Oregon 97301
    Attorneys for state defendants

HUBEL, Magistrate Judge:

These are consolidated actions[1] brought by Pat Oman pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1487. The defendants are Portland Public Schools (PPS) and individuals employed with PPS (collectively, the PPS defendants); the Oregon Department of Education (ODE), State Superintendent for Public Instruction Susan Castillo, and individuals employed by the ODE (collectively, the state defendants).

## Motion to Reconsider

Ms. Oman moves the court to reconsider its ruling of December 22, 2005 (doc. #31), dismissing claims asserted in the First Amended Complaint in CV 05-558-HU, under the Americans with Disabilities Act (ADA), Titles II and IV, 42 U.S.C. §§ 12101-12213, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, for, among other things, Pat Oman's lack of standing. Ms. Oman bases her motion on a recent case, <u>Barker v. Riverside County Office of Education</u>, 2009 WL 3401986 (9th Cir. Oct. 23, 2009), in

---

[1] <u>C.O. v. Portland Public Schools, et al.</u>, CV 05-558-HU and <u>Oman v. Portland Public Schools, et al.</u>, CV 05-1715-HU, were consolidated by order of the court on May 3, 2006 (doc. # 53).

OPINION AND ORDER Page 2

which the Ninth Circuit held that a person without a disability who advocated on behalf of a person with a disability had standing to assert a claim for retaliation pursuant to section 504 of the Rehabilitation Act and Title II of the ADA. The defendants oppose the motion, primarily on the ground that Ms. Oman has not administratively exhausted such a claim. I am unpersuaded by the defendants' exhaustion argument, but nonetheless will adhere to my original ruling.

The First Amended Complaint in CV 05-558, which was filed on June 28, 2005, alleged retaliation against Pat Oman under the IDEA claim, but did not allege retaliation in violation of the ADA or the Rehabilitation Act. The allegations in the claims under the ADA and Rehabilitation Act were based on the failure to provide education services mandated by the IDEA to Ms. Oman's son, C.O., alleged to have a learning disability,[2] although Ms. Oman did incorporate by reference into these claims all the allegations of the IDEA claim.[3] The court dismissed the claims asserted by Ms.

---

[2] Both IDEA and § 504 of the Rehabilitation Act require the provision of a free appropriate public education (FAPE) to children with disabilities. The requirements are similar, but not identical. See, e.g., Mark H. v. Paul Lemahieu, 513 F.3d 922, 933 (9th Cir. 2008). Remedies are available under § 504 for acts that also violate the IDEA. Id. at 934.

[3] Ms. Oman's allegations were as follows:

> During two separate pre-hearing conferences for an administrative due process hearing (DP04-110), defendant Constance Bull stated that the parent could not contact or speak to C.O.'s teachers or other PPS staff, and stated her intention of prohibiting C.O.'s teachers from speaking to the parent/plaintiff, in retaliation for the plaintiffs' participation in a due process hearing and because of

OPINION AND ORDER Page 3

Oman on behalf of her son without prejudice, on the ground that Ms. Oman, a non-attorney, could not bring a *pro se* action on behalf of another person. The court held that Ms. Oman could not assert claims on her own behalf under the Rehabilitation Act and the ADA because she had not alleged that she was disabled.

In the Second Amended Complaint for CV 05-558-HU, filed on January 23, 2006, Ms. Oman asserted claims for retaliation against her in violation of IDEA and 42 U.S.C. § 1983. Second Amended Complaint ¶¶ 22-25, 29, 58-63. On November 7, 2006, the court entered an Opinion and Order holding that Ms. Oman could not assert a claim for monetary relief under 42 U.S.C. § 1983 for alleged

---

parent's opposition to PPS's discriminatory and retaliatory practices. During the course of the due process hearing Defendant Bull also placed conditions on access to C.O.'s educational records, and withheld records from the parent, in retaliation for plaintiffs' participation in a due process hearing. First Amended Complaint ¶ 33.

Defendants Maxine Kilcrease and Constance Bull unreasonably delayed reimbursement for a properly obtained IEE [independent educational evaluation], and this was in retaliation for the plaintiffs' complaints about C.O.'s education, and an attempt to coerce the parent to abandon the due process hearing. Defendants Bull and Kilcrease required a confidentiality agreement as a precondition of reimbursement, a condition to which the plaintiffs agreed; this also was in retaliation for the parent having filed a complaint with ODE. Id. at ¶ 34.

In response to plaintiffs' concerns about C.O.'s education, filing complaints with the SEA under the state complaint process, initiating a due process hearing, and expressing opposition to illegal and discriminatory practices, defendants PPS, Kilcrease, and Bull intentionally retaliated against the plaintiffs, who were consequently prevented from obtaining a fair and independent administrative due process hearing. Id. at ¶ 35.

OPINION AND ORDER Page 4

violations of the IDEA.[4] (Doc. #76). Subsequent authority from the Ninth Circuit has confirmed this decision. <u>Blanchard v. Morton Sch. Dist.</u>, 509 F.3d 934, 937-38 (9th Cir. 2007).

The issue raised by Ms. Oman's motion to reconsider is whether, in light of the <u>Barker</u> decision, her allegations in the First Amended Complaint support a claim that she was retaliated against for advocating on behalf of her disabled son in violation of the ADA and the Rehabilitation Act, and whether that claim may include money damages.

As the <u>Blanchard</u> case has made clear, the "comprehensive enforcement scheme of the IDEA" includes a judicial remedy for violation of any right "relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education to such child." 509 F.3d at 937-38. Ms. Oman's factual allegations in support of the retaliation claim in the First Amended Complaint are all premised on conduct that violates rights granted to parents by the IDEA: denying the parent access to the child's educational records, refusing reimbursement to the parent for an IEE, and hindering the parent's right to a fair due process hearing. Congress has not provided the remedy of money damages for IDEA violations, as it did for discrimination and retaliation claims affecting an employee's rights, like those asserted in <u>Barker</u>.

///

---

[4] Money damages are not available under the IDEA. <u>Robb v. Bethel Sch. Dist. # 403</u>, 308 F.3d 1047, 1049 (9th Cir. 2002). Nor can *pro se* litigants recover attorney's fees.

OPINION AND ORDER Page 5

I find persuasive the First Circuit's holding that where the underlying claim is one for violation of the IDEA, plaintiff may not use any other statute to evade the IDEA's limited remedial structure. Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 29 (1st Cir. 2006). The difference between this case and the Barker case is that the IDEA does not provide for money damages, while the Barker plaintiff's employment rights do. In Barker, the retaliation against plaintiff for advocating on behalf of her students took the form of depriving her of employment rights that were independent of the IDEA and answerable in damages. In this case, Ms. Oman alleges that the retaliation against her for advocating on behalf of her child took the form of depriving her of rights conferred solely by the IDEA--rights not independent of IDEA as in Barker. The IDEA does not provide monetary damages as a remedy for violation of the parental rights conferred by the IDEA. I conclude that allowing Ms. Oman to claim money damages is contrary to Congress's intent.

To illustrate, Ms. Oman's remaining retaliation claims are Claim Nine in CV 05-558 and Claim Seventeen in CV 05-1715. Against PPS, these claims assert that defendant Bull hindered Ms. Oman's ability to exercise her procedural rights under the IDEA and that PPS failed to provide the additional instruction to C.O. as ordered by the ODE hearings officer. Against ODE, they assert that ODE failed to investigate PPS's denial of reimbursement to Ms. Oman for the IEE; failed to provide Ms. Oman adequate notice of the procedural requirements of the IDEIA, effective in 2004; ratified PPS's failure to provide the additional instruction to C.O., and

OPINION AND ORDER Page 6

refused to file the administrative record of DP 04-110 for two years.

It is these claims, and these claims only, that remain for trial, without the possibility of money damages.

### Motion for Sanctions

Ms. Oman also moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against the state defendants (doc. # 162). The basis for the motion is that the state defendants answer, filed on February 27, 2006, contained only a general denial of paragraphs 19 through 66 of the Second Amended Complaint. Ms. Oman states that many of the paragraphs included in the general denial contained specific, verifiable statements of fact, and therefore failed to comply with the requirement of Rule 8(b)(3) of the Federal Rules of Civil Procedure that a party not intending to deny all the allegations of a pleading must either specifically deny designated allegations or generally deny all except those specifically admitted.

The state responds that the Second Amended Complaint was voluminous and complicated, with the "material facts and legitimate claims ... far from obvious." Affidavit of Kenneth Crowley ¶ 4. Mr. Crowley states further that the answer was filed in good faith. Id. at ¶ 5.

A fundamental purpose of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation. Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir.

OPINION AND ORDER Page 7

2002). The rule imposes on an attorney the duty to conduct a reasonable factual investigation and perform adequate legal research to confirm that the underpinnings of the pleading are "warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." Id. Nonetheless, a finding of significant delay or expense is not required under Rule 11. Id.

The subjective intent to file a meritorious document is of no moment. G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). The standard is reasonableness, meaning that the conduct tested is that of a competent attorney admitted to practice before the district court. Id.

The state's general denials in its answer do not qualify for the imposition of sanctions under Rule 11. Accordingly, the motion for sanctions is denied.

**Conclusion**

Ms. Oman's motion for reconsideration (doc. # 161) is GRANTED, but the court adheres to its original rulings. Ms. Oman's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure (doc. # 162) is DENIED.

IT IS SO ORDERED.


Dated this 18th day of December, 2009.


                  /s/Dennis James Hubel

                  Dennis James Hubel
                  United States Magistrate Judge

OPINION AND ORDER Page 8