IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAT OMAN,<br><br>        Plaintiff,<br><br>   vs.<br><br>PORTLAND PUBLIC SCHOOLS,<br>Multnomah School District No. 1,<br>et al.<br><br>        Defendants.<br>_____<br>PAT OMAN,<br><br>        Plaintiff,<br><br>   vs.<br><br>PORTLAND PUBLIC SCHOOLS, et al.<br><br>        Defendants.<br>_____ | Case No. CV05-558-HU<br>(Lead Case)<br><br>Case No. CV05-1715-HU<br><br><br><br><br><br>OPINION AND<br>ORDER |

Pat Oman
4015 NE Multnomah Street
Portland, Oregon 97232
    Pro se

Jeffrey D. Austin
J. Michael Porter
Sarah A. Lowinger
Miller Nash
111 S.W. Fifth Avenue Suite 3400
Portland, Oregon 97204

OPINION AND ORDER Page 1

    Attorneys for PPS defendants

John Kroger
Attorney General
Kenneth C. Crowley
Senior Assistant Attorney General
Department of Justice 1162 Court Street NE
Salem, Oregon 97301
    Attorneys for state defendants

HUBEL, Magistrate Judge:

    Upon further review of the court's previous orders in light of the issues raised by the defendants' most recent filings, and the legal authority from this jurisdiction on the issues presented by this case, I have concluded as follows.

    In the Second Amended Complaint for CV 05-558-HU, filed on January 23, 2006, Ms. Oman asserted claims for retaliation against her in violation of IDEA and 42 U.S.C. § 1983. Second Amended Complaint ¶¶ 22-25, 29, 58-63. On November 7, 2006, I entered an Opinion and Order holding that money damages were not recoverable under the IDEA, see, e.g., Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1049(9th Cir. 2002), and that Ms. Oman could not assert a claim for monetary relief under 42 U.S.C. § 1983 for alleged violations of the IDEA. (Doc. #76). In Blanchard v. Morton Sch. Dist., 509 F.3d 934, 937-38 (9th Cir. 2007)(Blanchard II) the Ninth Circuit reached the same conclusion.

    In so holding, I considered Smith v. Robinson, 468 U.S. 992, 1009 (1984), School District of Hawaii v. Katherine D., 727 F.2d 809, 820 (9th Cir. 1983), Alex G. v. Board of Trustees of Davis Joint Unified Sch. Dist., 332 F. Supp. 1315 (E.D. Calif. 2004), and Emma C. v. Eastin, 985 F. Supp. 940, 945 (N.D. Cal. 1997), among

OPINION AND ORDER Page 2

other cases. I agreed with the Alex G. court that Congress did not intend IDEA to include compensatory damages as a remedy and that § 1983 could not be used to evade that Congressional intent. But as the Emma C. court noted, absent a clear direction to the contrary from Congress, federal courts are empowered to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute. While I continue to believe Congress expressed its intent that there be no compensatory damages under IDEA (and thus under § 1983 for violations of of IDEA), a nominal damages award under either IDEA or § 1983 is within the court's power and not contrary to Congress's intent. Thus, Ms. Oman may proceed with her attempt to establish her entitlement to such an award.

The Opinion and Order of November 2006, in addressing Ms. Oman's § 1983 claim, did not mention, nor did any party raise the issue, of a potential award of nominal damages. A claim for violation of civil rights can be redressed through an award of nominal damages when compensatory damages are not available, and there is authority that nominal damages are available for violations of implied federal rights as well, such as the right of parents not to be retaliated against for attempting to exercise their procedural rights under IDEA. See Bernhardt v. County of Los Angeles, 279 F.3d 862, (9th Cir. 2002)(plaintiff potentially entitled to nominal damages "on the basis that defendant's policy interfered with an implied federal right to obtain counsel in a civil rights action"); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1069

OPINION AND ORDER Page 3

(9th Cir. 2004)(nominal damages for Title VII violation); Draper v. Coombs, 792 F.2d 915, 921-22 (9th Cir. 1986)(permitting nominal damages in § 1983 action for violations of both statutory and constitutional rights); City of Riverside v. Rivera, 477 U.S. 561, 574 (1986)("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms"); Carey v. Piphus, 435 U.S. 247, 266 (1978)("By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed"). See also OAR 581-015-2030(19)("No person may be subject to retaliation or discrimination" for having filed a complaint about violation of the IDEA or regulations under IDEA) and N.B. v. Hellgate Elementary Sch. Dist., 541 F.3d 1202, 1208 (9th Cir. 2008)(state standards that are not inconsistent with federal standards under the IDEA are enforceable in federal court).

    The fact that Oman is not entitled to recover monetary damages under IDEA does not mean she cannot recover nominal damages. Nominal damages are not compensation for loss or injury, but rather recognition of a violation of rights. Cummings v. Connell, 402 F.3d 936, 945 (9th Cir. 2005). An award of nominal damages is intended to serve as a symbol that defendant's conduct resulted in a technical, as opposed to injurious, violation of plaintiff's rights. Id., citing Carey, 435 U.S. at 266-67. The relief afforded by nominal damages is two-fold: 1) the moral satisfaction of

OPINION AND ORDER Page 4

knowing that a federal court concluded that plaintiff's rights had been violated, and 2) an enforceable judgment requiring the alteration of defendant's behavior to plaintiff's benefit. Id. at 945-46, citing Hewitt v. Helms, 482 U.S. 755, 761-62 (1987).

In Rivera, 364 F.3d at 1069, the court noted the "distinction between a violation and the availability of remedies," and held that a plaintiff's lack of eligibility for certain forms of relief merely "goes to the issue of damages, not liability." Id.

> The questions of statutory violation and appropriate statutory remedy are conceptually distinct. An illegal act of discrimination--whether based on race or some other factor such as a motive of reprisal--is a wrong in itself under Title VII, regardless of whether that wrong would warrant an award of remedies.

Id. at 1070.

A live claim for nominal damages will prevent dismissal for mootness. Bernhardt, 279 F.3d at 872; Lokey v. Richardson, 600 F.2d 1265, 1266 (9th Cir. 1979)(per curiam)(although claims for prospective relief was moot, case not moot because plaintiff prayed for damages and, regardless of actual damages, plaintiff could be entitled to nominal damages).

An award of nominal damages in this case would not defeat IDEA's comprehensive enforcement scheme, and, if warranted, would further the goal of parent involvement. "[A] state must comply both procedurally and substantively with the IDEA." N.B., 541 F.3d at 1207, quoting M.L. v. Fed. Way Sch. Dist., 394 F.3d 634, 644 (9th Cir. 2005). Compliance with IDEA procedures is part of the test for determining whether a state has provided a free appropriate public education (FAPE), Bd. of Educ. of the Hendrick Hudson Central Sch.

OPINION AND ORDER Page 5

Dist. v. Rowley, 458 U.S. 176, 206-07 (1982), so that a procedural violation resulting in the loss of an educational opportunity, seriously infringing the parents' opportunity to participate in the IEP formulation process, or causing a deprivation of educational benefits constitutes denial of a FAPE. Parental involvement is a "fundamental component of the operation of the IDEA." Rueker v. Sommer, 567 F. Supp.2d 1276, 1286 (D. Or. 2008); see also 20 U.S.C. § 1415 (state educational agencies must establish and maintain procedural safeguards to ensure the parent is provided the opportunity to be fully involved in the educational services provided to their child).

ODE asserts that Ms. Oman cannot bring her retaliation claims to this court because she has failed to exhaust her administrative remedies. Whether exhaustion of administrative remedies under the IDEA is required is a question of law. Rueker, 567 F. Supp.2d at 1291.

In general, plaintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed to any degree by the IDEA's administrative procedures. Kutasi v. Las Virgenes Sch. Dist., 494 F.3d 1162, 1163 (9th Cir. 2007). Although parents do have individually enforceable substantive rights under the IDEA, see Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007) and 20 U.S.C. § 1400(d)(1)(A)-(B)(IDEA's substantive and procedural protections exist to ensure a FAPE to children with disabilities and to protect the rights of the parents of such children in the process of

OPINION AND ORDER Page 6

ensuring the children's access to education), a parent bringing a claim on her own behalf rather than her child's is not required to exhaust administrative remedies because no administrative remedies exist. Blanchard v. Morton Sch. Dist., 420 F.3d 918, 922 (9th Cir. 2005)(Blanchard I). See also Rueker, 567 F. Supp.2d at 1291 (IDEA's administrative remedies cannot remedy injuries that are non-educational, citing Blanchard I). The Ninth Circuit has also recognized an exception to the exhaustion requirement where an educational agency has failed to perform its statutory duty to notify a parent of all available safeguards and avenues of review. Doe v. Gonzales v. Maher, 793 F.2d 1470, 1490-91 (9th Cir. 1986), *judgment aff'd as modified in* Honig v. Doe, 484 U.S. 305, 327 (1988).

Ms. Oman's retaliation claims are Claim Nine in CV 05-558 and Claim Seventeen in CV 05-1715. Against PPS, these claims assert that defendant Bull hindered Ms. Oman's ability to exercise her procedural rights under the IDEA and that PPS failed to provide the additional instruction to C.O. as ordered by the ODE hearings officer. Against ODE, they assert that ODE failed to investigate PPS's denial of reimbursement to Ms. Oman for the IEE; failed to provide Ms. Oman adequate notice of the procedural requirements of the IDEIA, effective in 2004; ratified PPS's failure to provide the additional instruction to C.O., and initially refused to file the administrative record of DP 04-110 in this court.

Ms. Oman's claim that PPS defendant Bull prevented Ms. Oman from speaking to witnesses before the due process hearing is a

OPINION AND ORDER Page 7

claim for violation of Ms. Oman's own substantive rights as a parent. Accordingly, the claim is not subject to administrative exhaustion and can be redressed at this time through an award of nominal damages.

It is apparent, however, that Ms. Oman's claim that PPS failed to provide the 4000 minutes of supplemental instruction as ordered by the ODE hearings officer is not a claim brought on her own behalf. It is a claim that is educational, and therefore redressable through a due process hearing. See <u>Robb v. Bethel Sch. Dist. # 403</u>, 308 F.3d 1047, 1048 (9th Cir. 2002)(when injury can be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required); 20 U.S.C. § 1415(b)(6) and (k) (administrative hearings relate to complaints about matters relating to the provision of a FAPE). It was exhausted. The issue now is the failure of PPS to schedule the minutes and the failure of ODE to act on Ms. Oman's complaint in that regard. However, C.O. is not a party to this case and any remedy ordering the educational instruction at this time requires his participation. The court has no way to determine whether C.O. seeks the relief of an order requiring PPS to provide the supplemental instruction to C.O., or if C.O. would participate in such instruction if offered. I conclude, therefore, that the court has no jurisdiction over this claim.

The retaliation claims asserted against ODE are for 1) failing to investigate Ms. Oman's complaint about confidentiality agreements being required as a condition of reimbursement for an

OPINION AND ORDER Page 8

IEE, 2) failing to provide Ms. Oman adequate notice of the due process notification requirements under the 2004 amendments to the IDEA, 3) ratifying PPS's failure to provide C.O. the supplemental instruction ordered by the ALJ, and 4) refusing to file the administrative record of DP 04-110 in this court.

The first, second and fourth of these claims are asserted on behalf of Ms. Oman herself, and not her child. Under Blanchard I, no administrative exhaustion is necessary.

Moreover, the first claim relates to a complaint resolution procedure (CRP) rather than a due process hearing. In addition to, and distinct from, IDEA's due process hearings, federal regulations provide an administrative mechanism for ensuring state and local compliance with IDEA. See Christopher S. v. Stanislaus County Office of Education, 384 F.3d 1205, 1210 (9th Cir. 2004). The regulations require states to adopt a CRP for claims that a state or local agency is violating the IDEA. 34 C.F.R. §§ 300.660, 300.662.

In Lucht v. Molalla River Sch. Dist., 225 F.3d 1023, 1028-29 (9th Cir. 2000), the court held that the CRP and the due process hearing procedures are alternative, or even serial, means of addressing a complaint. ODE argues that Ms. Oman was required to exhaust all the CRP remedies provided in OAR 581-015-2030, including judicial review in state court of a final order by the Superintendent of Public Instruction.[1] This argument is

---

[1] The regulation provides, among other things, that upon receipt of a complaint, the Superintendent is to obtain a response to the allegations, initiate attempts to resolve the

OPINION AND ORDER Page 9

unpersuasive. Ms. Oman has alleged that ODE refused to investigate her complaint because she had not made a showing that confidentiality agreements were required of anyone but herself. OAR 581-015-2030 makes no mention of such a requirement. ODE's refusal to take any action on the complaint foreclosed Ms. Oman from pursuing the post-complaint procedures provided in OAR 581-015-2030, including judicial review in state court.

No administrative exhaustion is required under the facts alleged for second claim pursuant to Doe, 793 F.2d at 1490-91, which excused exhaustion when an agency has failed to perform its statutory duties.

The fourth claim relates to conduct relating to, and occurring after, the filing of this action in federal court. Such conduct is non-educational, directed solely at Ms. Oman, within this court's jurisdiction, and obviously not redressable through administrative procedures conducted by an administrative law judge.

The first, second and fourth claims allege violations of Ms. Oman's substantive rights under the IDEA, and are therefore potentially redressable through nominal damages.

However, the third claim against ODE is, for the reasons discussed above, not subject to redress through a nominal damages award to Ms. Oman.

ODE has also asserted Eleventh Amendment and sovereign

---

complaint, and issue a written decision that contains findings of fact and conclusions, as well as reasons for the Superintendent's decision within 60 days of receipt of the complaint. Parties are then permitted to seek judicial review of the final order under Or. Rev. Stat. § 183.484.

OPINION AND ORDER Page 10

immunity defenses. The IDEA, which was passed pursuant to Congress's authority under the Fourteenth Amendment, abrogates the states' immunity under the Eleventh Amendment. 20 U.S.C. § 1403.

ODE's sovereign immunity argument, which was addressed in my Opinion and Order of September 10, 2007 (doc. # 144) was that to the extent Ms. Oman's claims were based on a "perceived failure" of ODE to "follow state regulations that may have conflicted with the IDEA 2004 amendments," the claims were based on state law and required to be brought in state court. I disagreed with ODE's characterization of the claim, interpreting it as one asserting that ODE failed to provide Ms. Oman with adequate notice of the new due process notification requirements of the IDEA 2004 amendments before and after Ms. Oman's due process hearing requests were rejected as insufficient under those amendments. The dismissal of due process hearing requests occurred before the federal government promulgated regulations under the IDEA 2004 amendments, in October 2006, and before the state promulgated regulations, in April 2007. I concluded that Ms. Oman's claim had nothing to do with preexisting state regulations that may have conflicted with the 2004 amendments to IDEA.

In its first motion in limine, ODE raises the Eleventh Amendment immunity issue again, this time directed at Ms. Oman's retaliation claim regarding failure of the ODE to address her CRP complaint about PPS requiring confidentiality agreements before reimbursing for IEEs. This will be addressed during trial.

OPINION AND ORDER Page 11

1   IT IS SO ORDERED.

3   Dated this 12th day of <u>February</u>, 2010.

5                                            /s/ Dennis James Hubel

6                                         Dennis James Hubel
                                          United States Magistrate Judge

OPINION AND ORDER Page 12